**RECORD NO. 15-1530**

# In The
# United States Court Of Appeals
## For The Fourth Circuit

**GTC SERVICES, LLC,**

*Plaintiff – Appellant*,

**v.**

**REGION Q WORKFORCE INVESTMENT CONSORTIUM; MID-EAST COMMISSION,**

*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT GREENVILLE

———————

**BRIEF OF APPELLANT**

———————

**Garey Ballance**
**BALLANCE LAW FIRM**
**945-D West Andrews Avenue**
**Henderson, NC  27536**
**(252) 492-9982**

*Counsel for Appellant*

*Gibson*MOORE APPELLATE SERVICES, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA  23219
804-249-7770  ♦  www.gibsonmoore.net

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __15-1530__     Caption: __GTC Services. LLC vs Region Q Workforce Investment Consotium__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__GTC Services LLC__
(name of party/amicus)

who is __apellant__, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
   If yes, identify all such owners:

08/05/2015 SCC                                          - 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: Garey M. Ballance                    Date:      8/9/2015

Counsel for: GTC Services, LLC

# CERTIFICATE OF SERVICE
**************************

I certify that on      8/9/2015      the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Garey M. Ballance                                                    8/9/2015
    (signature)                                                      (date)

## TABLE OF CONTENTS

                                                                                                                               **Page:**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF SUBJECT MATTER AND
    APPELLATE JURISDICTION .......................................................................1

STATEMENT OF ISSUES ......................................................................................1

STATEMENT OF THE CASE .................................................................................2

      Summary of Case..............................................................................................2

SUMMARY OF ARGUMENT .................................................................................3

ARGUMENT .............................................................................................................3

      Standard of Review...........................................................................................3

CONCLUSION ..........................................................................................................5

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Collingwood v. GE Real Estate Equities*,
    324 N.C. 63, 376 S.E.2d 425 (1989) ...............................................................3

*Howerton v. Arai Helmet, Ltd.*,
    358 N.C. 440, 597 S.E.2d 674 (2004) .............................................................3

**Statutes:**

28 U.S.C. § 1291 ........................................................................................................1

28 U.S.C. § 1331 ........................................................................................................1

Workforce Development Act ("WIA") ......................................................................2

**Constitutional Provision:**

U.S. Const. amend. XIV, Due Process Clause ..........................................................4

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The United States District Court for the Eastern District of North Carolina exercised subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 which grants jurisdiction to district courts of the United States where there is a federal question presented. The United States Court of Appeals for the Fourth Circuit has appellate jurisdiction pursuant to 28 U.S.C. § 1291 which grants appellate review of final decisions of district courts of the United States.

This is an action against Region Q Workforce Investment Consortium for damages as a result of the denial of Plaintiff's opportunity to bid for a contract to provide workforce development services to certain counties in rural Eastern North Carolina. The action was removed to Federal court on July 3, 2013. The trial court granted defendant's motion for summary judgment on April 14, 2015, from which Plaintiff appealed to this court on May 14, 2015.

## STATEMENT OF ISSUES

Did the trial court err in ruling that as a matter of law the Defendant was entitled to summary judgment against the Plaintiff's claim?

## STATEMENT OF THE CASE

**Summary of Case**

Plaintiff was wrongfully denied the right to participate in a bid process to receive contracts for workforce development services when agents of the Defendant erroneously told the Plaintiff that her audit was late and that she was therefore barred from participating in the bid process to provide services, despite the fact that the Plaintiff was currently the contract holder at the time of the bids. (J.A. 377).

Defendant denies responsibility for telling Plaintiff as such but the issue is one for a jury to determine, not an issue to be determined by summary judgment. Further the denial of the Plaintiff's participation violated the Plaintiffs right to procedural due process in that Plaintiff was denied the right to participate in the process due to Defendant's error.

Plaintiff is a provider of contract training services pursuant to the Workforce Development Act. (WIA)  In 2007, Plaintiff was awarded a contract to provide services in Hertford and Pitt Counties by the Defendant.  In 2008, Plaintiff was awarded a contract to provide services for Martin, Bertie, Hertford, and Pitt Counties.  Plaintiff provided services in an exemplary manner according to documented statements of the Defendant.  In 2010, Plaintiff submitted a request for proposal (RFP) to continue providing services in the counties it was currently

2

servicing. On May 12, 2010, at a committee meeting, the Defendants wrongfully excluded the Plaintiff's RFP from consideration based on an erroneous charge that the Plaintiff had failed to timely file an audit, and ultimately awarded the contract to Defendant Mid East Commission. Plaintiff had actually filed its audit in a timely fashion and appealed to the Defendants to reconsider its decision. On June 7, 2010, Defendants met again to take up the issue but rather than reverse itself, Defendants simply ratified the previous decision.

## SUMMARY OF ARGUMENT

Plaintiffs assign as error the trial court's granting of Defendant's motion for summary judgment. Plaintiffs opposed the motion. The trial court granted the motion as reflected in the judgment.

## ARGUMENT

**Standard of Review**

"Whether pleadings, depositions, answers to interrogatories, together with affidavits, show no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden of establishing lack of any triable issue. All inferences are drawn against the movant." *Collingwood v. GE Real Estate Equities*, 324 N.C. 63, 376 S.E.2d 425, 427 (1989). "Any order allowing summary judgment is reviewed de novo." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 597 S.E.2d 674 (2004).

3

The Plaintiff had a property interest in providing services contractually to Defendants based on its services provided from 2007 to 2010 and receiving income from providing said services. In accordance with the Workforce Investment Acts requirement of a procedure to process complaints, the Procurement Appeals Policy/Process was created to assure a fair way of addressing complaints by service providers such as the Plaintiff, in the procurement process. The arbitrary denial of the Plaintiff's opportunity to participate in the process and the refusal to reconsider the improper denial violates the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Defendants have contended that they did not erroneously provide Plaintiff with incorrect information about her audit being late, despite letters and emails to the contrary. However, whether that was or was not stated and written to the Plaintiff is an issue for the jury to consider and inappropriate for summary judgment.

Defendants further contend that the Plaintiff failed to properly exercise its appeal remedies from the denial of the RFP. Plaintiff denies this in that Plaintiff sent an email to Walter Dorsey, board chair, requesting reconsideration of the denial. Prior to that, Plaintiff had sent a letter to Troy Lane, employee of the Defendant, questioning the time line for her audit. (J.A. 208) This request and the

4

board's subsequent special call meeting in response, has to be considered as an appeal of the denial of consideration of the RFP.

Further the judge improperly failed to consider the Plaintiff's affidavit in response to the Defendant's motion for summary judgment. Plaintiff's affidavit was signed and properly notarized but Plaintiff was not able to upload the original affidavit on the CM/ECF system. Plaintiff in good faith believed that the substitute signature for the purposes of representation of the original was sufficient to allow as the affidavit to be considered.

## CONCLUSION

The trial court erred when it ruled that the Defendants were entitled to summary judgment as a matter of law and should be reversed.

This is the 16th day of October, 2015.

/s/ Garey M. Balance
Garey Ballance
BALLANCE LAW FIRM
945-D West Andrews Avenue
Henderson, NC  27536
(252) 492-9982

*Counsel for Appellant*

5

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
### Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>941</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated: October 16, 2015          /s/ Garey M. Balance
                                 Garey Ballance

                                 *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 16, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Bradley O. Wood
> WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
> 1 West 4th Street
> Winston-Salem, NC 27101
> (336) 728-7012
>
> *Counsel for Appellees*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

>                                   /s/ Shelly N. Gannon
>                                   Shelly N. Gannon
>                                   GIBSON MOORE APPELLATE SERVICES, LLC
>                                   206 East Cary Street
>                                   P.O. Box 1460 (23218)
>                                   Richmond, VA  23219
>                                   (804) 249-7770